### Schoen v. Schoen.

1.  *Divorce—Instruction Assuming a Conclusion.*—Upon the trial of a divorce suit upon a bill by the husband, charging desertion, and a cross-bill by the wife, charging cruelty, it is error to charge the jury that if they believe, from the evidence, that at the times the cruelty as charged in the cross-bill, are alleged to have been committed, the wife was suffering from hysteria or other illness, and that the tendency of her illness was to derange, or partially derange, her mental faculties and to give her false and imagined views and impressions of what actually occurred, and if the jury further believe, from the evidence, that her mind at those times was so affected, then these facts are proper to be taken into consideration by the jury, in connection with all the other evidence in the case, in determining what degree of credibility should be attached to her testimony relating to such offenses, because it assumes a conclusion which might or might not be deducible from the evidence, it appearing from the evidence that appellant was in poor health at times, and that, at times, she was considerably excited, but there was no evidence to show that she was suffering from hysteria, or that her illness was of such a character as to affect her mental capacity to state truthfully what occurred.

2.  *Desertion—Reasonable Cause.*— A wife may for "reasonable cause" decline to live with her husband, though she may not' have sufficient statutory ground for divorce. In such case she may require him to contribute to her support, and so it is error in a proceeding for divorce on the ground of desertion, and a cross-bill alleging extreme and repeated cruelty, to charge the jury that as far as relates to the alleged acts of cruelty, if they believe from the evidence that the wife did leave the husband and remained away, as charged, then, to justify such leaving and absence on the ground of cruel treatment, the jury must believe from a preponderance of the evidence, that the husband actually committed

Schoen v. Schoen.

an act, or acts of personal violence to her person, prior to the time of the alleged desertion.

3. *Divorce—Desertion—Cruelty.*—It is a condition of the right of divorce on the ground of desertion, that the desertion was without any reasonable cause, but it is not necessary that there should be personal violence before the wife may withdraw from the husband. When he pursues a persistently unjustifiable and wrongful course of conduct, which will necessarily and inevitably render her life miserable and unendurable, she has reasonable cause for leaving him and may interpose it as an answer to a charge of desertion.

Memorandum.—Divorce. Appeal taken from a decree upon a cross-bill in favor of the defendant, rendered by the Circuit Court of Macoupin County; the Hon. JACOB FOUKE, Circuit Judge, presiding. Heard in this Court at the May term, A. D. 1892. Opinion filed October 17, 1892.

R. E. DORSEY and A. N. YANCEY, attorneys for appellant.

R. B. SHIRLEY, attorney for appellee.

OPINION BY THE COURT.

The appellee filed his bill for divorce against the appellant charging her with having deserted him without reasonable cause for two years prior to the filing of the bill. The appellee answered denying that she acted without reasonable cause and averring cruel and unkind treatment as an excuse for absenting herself from the appellant. She also filed her cross-bill alleging that appellant had been guilty of extreme and repeated cruelty, and asking for a divorce in her favor. To this the appellee filed an answer denying the matters alleged against him. The issues were submitted to a jury, and a verdict was returned finding for the appellee upon the original and the cross-bill. A motion by the appellant for a new trial was denied, and a decree passed, granting a divorce to the appellee upon the original bill and dismissing the cross-bill.

The appellant assigns error upon the action of the court in regard to various matters, but it is not deemed necessary to notice all the objections thus made.

The evidence consisted mainly of the testimony of the two parties.

The appellant, admitting in substance that she absented herself from the appellee, insisted that she was warranted in so doing by his treatment of her, and alleged that he was not only guilty of the most unkind and abusive conduct, but of extreme and repeated cruelty. He denied all this and insisted that his conduct was always kind and considerate, but that she was unreasonable and exacting, and that she had no just cause for leaving him.

Complaint is now made that the court gave the following instructions at the instance of appellee:

"First. The court instructs the jury that if they believe, from the evidence, that at the times the cruelty charged in the cross-bill is alleged to have been committed, Mrs. Schoen was suffering from hysteria or other illness, and that the tendency of her illness was to derange or partially derange her mental faculties, and to give her false and imaginative views and impressions of what actually occurred, and if the jury further believe from the evidence that the mind of Mrs. Schoen at those times was so affected, then these facts are proper to be taken into consideration by the jury in connection with all the other evidence in the case in determining what degree of credibility should be attached to her testimony relating to such offenses.

"Fourth. The court instructs the jury, as far as relates to the alleged acts of cruelty, that if they believe from the evidence that Mrs. Schoen did leave her husband, and remained away from him, as charged in the bill, then, to justify such leaving and absence upon the ground of cruel treatment, the jury must believe, from a preponderance of the evidence, that her husband actually committed an act or acts of personal violence to her person prior to the time of the alleged desertion."

We think the first instruction should not have been given. It assumes a conclusion which might or might not be deducible from the evidence. While it appears that the appellant was in poor health at times, and that at times she was considerably excited, yet there was nothing to show that she was suffering from hysteria, or that her illness was of such a character as to affect her mental capacity to state truth-

Schoen v. Schoen.

fully what occurred. The jury, in their consideration of her evidence, might possibly have felt a degree of uncertainty as to how far she may have exaggerated the facts by reason of her physical condition, and they might perhaps have found some warrant for supposing that her memory was at fault. Of this they should have been left to judge without the very suggestive intimation found in this instruction.

Coming from the court, it was well calculated to deepen and strengthen any impression they may have had in regard to it, and we are of opinion the rights of the appellant were prejudiced unduly thereby. The testimony was in such a state that it was necessary the instructions should be accurate and free from assumption as to any matter whereon there was conflict, and especially as to any point which was merely a matter of inference and not of direct proof. We think there was no such evidence as to warrant us in saying that this instruction would not mislead the jury, and, on the contrary, we are of opinion that in the state of proof shown by the record it was error to give it.

The fourth instruction was erroneous in that it required as a justification for living apart from her husband that he had " actually committed an act or acts of personal violence to her person prior to the time of the alleged desertion."

The wife may for " reasonable cause " decline to live with her husband, though she may not have sufficient statutory ground for a divorce, and in such case she may require him to contribute to her support. Johnson v. Johnson, 125 Ill. 510.

It is a condition of the right of divorce on the ground of desertion that the desertion was " without any reasonable cause."

It is not necessary that there should be personal violence before the wife might withdraw from her husband.

When he pursues a persistently unjustifiable and wrongful course of conduct, which will necessarily and inevitably render her life miserable and unendurable, she has " reasonable cause " for leaving him, and may interpose it as an answer to his charge of desertion.

It will not do to say that where the wife is defending on a charge of desertion, she must show personal violence in order to sustain her allegations of reasonable cause.

In this case the wife averred much in the conduct of the husband that was calculated to make her life miserable and unendurable—in addition to the alleged acts of personal violence. Whether her allegation in this respect was true, if there was no violence, was for the jury to determine, and if true, whether it would constitute reasonable cause, was also for the jury, under proper instructions.

It may, perhaps, be said that if the jury disbelieved her as to the acts of personal violence they would also disbelieve her as to the other matters of unkindness and ill treatment, but this does not necessarily follow.

The jury may have thought she exaggerated and overstated the occurrences to which she testified, and that, while she had not been subjected to physical violence, she still had reasonable cause for absenting herself from her husband.

Had this instruction been so drawn as to confine it to the issue arising on the cross-bill, it would be quite another matter; but it was not so limited, and we can not say that it would not naturally be considered by the jury as applicable upon the issue arising on the original bill also.

If so regarded by the jury they were certainly misled by it. Because of this and the first instruction, the decree will be reversed and the cause remanded for another trial.